# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CR-11-00310-001-HE |
| | ) | NO. CIV-14-1107-HE |
| ERIC EUGENE TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant Eric Eugene Turner pleaded guilty to one count of possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 15 years imprisonment. He was sentenced as an armed career criminal based on four drug-trafficking offenses that were identified in the Presentence Report ("PSR") as predicate offenses for purposes of the enhanced penalty provision of the Armed Career Criminal Act ("ACCA"). Defendant challenged the application of the ACCA on the basis that the prior convictions should be considered one criminal episode. The court rejected his argument, as did the Tenth Circuit on appeal. United States v. Turner, 508 Fed. Appx. 763 (10th Cir.), *cert. denied*, 134 S. Ct. 355 (2013). After the Supreme Court denied *certiorari*,[1] defendant filed a motion seeking habeas relief pursuant to 28 U.S.C. §2255.

Defendant asserts four grounds for relief in his motion – ineffective assistance of counsel in grounds one and three, a violation of due process by the trial court in ground two, and prosecutorial misconduct in ground four. He makes additional arguments in his

---

[1] Defendant filed his petition for writ of certiorari pro se.

supporting memorandum.

Defendant makes essentially the same argument in support of grounds one, two and four. He claims he was sentenced as an armed career criminal on the basis of prior convictions that were not supported by "Shepard approved documentation." While the probation officer stated in the PSR that he had "reviewed one or more approved documents articulated in Shepard v. U.S., 544 U.S. 13 (2005) in making this (ACCA) designation," Doc.#56, Exhibit 1, pp. 10-13, those documents were not presented to the court.[2] In ground three, defendant asserts that his attorney was ineffective at trial and on appeal for failing to argue that his prior state drug convictions should not have been used to enhance his sentence as they were based on an indivisible statute.

To prevail on a Sixth Amendment claim of ineffective assistance of counsel, a defendant must first "'show that counsel's representation fell below an objective standard of reasonableness.'" Heard v. Addison, 728 F.3d 1170, 1175 (10th Cir. 2013) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1985)). Second, the defendant must prove prejudice by demonstrating "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 1176 (quoting Cullen v. Pinholster, ___ U.S. ___, ___ (2011)). Because defendant must satisfy both Strickland prongs to succeed on his ineffective assistance claim, the court may consider

---

[2]In Shepard the Supreme Court specified "the permissible universe of evidence a court may consider in determining whether a guilty plea establishes a predicate offense for a sentencing enhancement under the Armed Career Criminal Act (ACCA)." United States v. Cook, 550 F.3d 1292, 1295 (10th Cir. 2008).

2

them in any order and does not have to address both "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

In ground one, defendant claims his attorney was ineffective because she failed to object to the lack of evidence supporting the convictions that qualified him for an increased sentence under the ACCA. Shepard-approved documentation was not submitted for the court's consideration, he asserts, only the PSR. Defendant contends he was prejudiced by counsel's failure because proper documentation would have shown that the prior convictions happened on the same occasion or were not separated by an intervening arrest, so that he did not have three prior qualifying convictions and would not have been sentenced under the ACCA. As the government points out, both "[t]his court and the Tenth Circuit rejected that argument by relying on the very facts Mr. Turner believes a review of the Shepard-documents would have revealed: that the underlying convictions were the result of one investigation and related sales of drugs by Mr. Turner to one confidential informant." Doc. #55, p. 6. In other words, even if the court had reviewed Shepard documents, the same result would have been reached, so no prejudice has been shown.

Defendant also asserts he is prejudiced by his counsel's failure to object because there is no record that he was the person actually responsible for the prior crimes. As he does not claim he was not the person who committed those offenses, he again has not demonstrated how, if Shepard documents were examined, the outcome of the proceeding would have been

3

different.³

Due to defendant's failure to demonstrate the prejudice required to establish an ineffective assistance of counsel claim, he is not entitled to habeas relief on the basis of ground one of his motion.

In ground two, defendant asserts the court violated his due process rights by sentencing him under the ACCA without reviewing any Shepard documents. A similar objection was made in United States v. Riggs, 302 Fed. Appx. 805 (10th Cir. Dec. 11, 2008). The defendant in Riggs argued on appeal that "because the government failed to present any Shepard-approved judicial records from the prior robbery convictions, the district court could not properly enhance his sentence under the ACCA." *Id*. at 809. The Tenth Circuit stated that the defendant had "only objected to the legal conclusions in light of the PSR-namely that his conviction on two counts of first-degree robbery was a single occurrence and not two separate and distinct convictions." *Id.* The court concluded that because Riggs had "failed to object to the factual contents of the PSR . . . the sentencing court . . . was entitled to use the undisputed facts within the PSR to perform the requisite analysis under the ACCA." *Id.*

Here, defendant similarly objected to the legal conclusions in the PSR pertaining to his four qualifying convictions, but did not otherwise object to those convictions. *See* PSR, Doc. #56, p.28, Objection to ¶¶29-32). The court thus could rely on the PSR without requiring the submission of Shepard documents to establish defendant's predicate

---

³*In his motion defendant repeatedly refers to "petitioner's prior convictions."*

4

convictions. Defendant is not entitled to habeas relief on the basis of ground two of his motion.

In ground three, defendant asserts his counsel was ineffective for failing to argue that "petitioner's state drug conviction under Oklahoma statutory law is based on an indivisible statute and should have been raised during sentencing and on direct appeal." Doc. #50, p. 4. He did not develop this argument, stating that "[t]he issue in particular needs to be more developed and refined in a motion that will be later provided to supplement the § 2255 petition." *Id*. Because defendant did not explain the basis for his claim, supplement his motion or address the claim in his memorandum, the claim is deemed waived.[4]

In ground four, defendant claims the government committed prosecutorial misconduct by failing to submit any <u>Shepard</u>-approved documentation to the court to review prior to its sentencing defendant as an armed career criminal. As discussed in conjunction with ground two, defendant did not object to the factual content of ¶¶ 29-32 of the PSR, which listed his prior state drug convictions that triggered his ACCA-enhanced sentence. The government therefore was not obligated to come forth with any <u>Shepard</u> documents. Defendant has not demonstrated any failure by the government in this regard, much less any misconduct. Defendant is not entitled to habeas relief on the basis of ground four.

In his memorandum defendant also argues that the Supreme Court clarified the

---

[4]*If defendant had pursued the claim, he would have admitted that he had committed the underlying offenses, and in effect abandoned his argument that he was prejudiced by the lack of documents "showing that (1) that Mr. Turner was the actual individual responsible for the prior convictions . . . ." Doc. # 51, p. 5.*

5

meaning of the ACCA in Burrage v. United States, 134 S.Ct. 881 (2014), requiring the court to take corrective action. Defendant's reliance on Burrage is misplaced. The question addressed in Burrage was whether a defendant's sentence could be increased under the penalty enhancement provision of the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(C), when the "covered drug supplied by the defendant contributes to, but is not a but-for cause of, the victim's death or injury." *Id.* at 885. Defendant's sentence was enhanced under the ACCA, not §841(b)(1)(C).[5] Defendant mentions other cases in his memorandum, including Alleyne v. United States, 133 S.Ct. 2151 (2013)[6] and Descamps v. United States, 133 S. Ct. 2276 (2013),[7] but they are irrelevant to the issues he has raised and do not provide a basis for granting him the relief he seeks.[8]

Accordingly, defendant's § 2255 motion is **DENIED**. Defendant's request for an

---

[5]*In conjunction with this argument, defendant asserts that his attorney was ineffective for failing to file a petition for writ of certiorari. In the absence of both a constitutional right to counsel to pursue a certiorari petition, United States v. Fernandez, 397 Fed. Appx. 433, 443 (10th Cir. Sept. 1, 2010), and a showing of prejudice by defendant resulting from his counsel's failure to file a certiorari petition on his behalf, defendant has not shown a right to habeas relief on the ground that his attorney failed to assist him in filing a certiorari petition.*

[6]*Alleyne concluded that facts which increase a mandatory minimum sentence must be found by the jury.*

[7]*In Descamps the Supreme Court held that judicial documents could not be consulted in determining whether an offense involves a crime of violence when the crime involves an indivisible statute.*

[8]*Although not raised by defendant, the government addressed the issue of whether defendant's prior state convictions qualified as "serious drug offenses" for purposes of the ACCA. It attached copies of defendant's plea of guilty for those convictions, as well as the information and judgment and sentence for each conviction. While the court agrees with the government's analysis, it finds it unnecessary to address the issue.*

evidentiary hearing is **DENIED**, because it is unnecessary to the determination of the issues he raised.⁹ *See* 28 U.S.C. § 2255(b) (prompt hearing required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). A certificate of appealability also is **DENIED,** as the court concludes defendant has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Finally, the court denies defendant's request to stay this case pending a decision by the Supreme Court in United States v. Johnson, 526 Fed. Appx. 708 (8th Cir. July 31, 2013), *cert granted,* 134 S.Ct. 1871 (2014) (No. 13-7120).¹⁰

**IT IS SO ORDERED**.

Dated this 5th day of March, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

⁹In his motion for traverse [Doc. #65], defendant again requests an evidentiary hearing. The court concludes a hearing is unnecessary. *See* United States v. Riggs, *302 Fed. Appx. 805 (10th Cir. Dec. 11, 2008) and the discussion of defendant's second ground for relief*.

¹⁰*The* Johnson *case is set for reargument on the question of whether the residual clause in the ACCA is unconstitutionally vague. That provision, 18 U.S.C. § 924(e)(2)(B)(ii), is not pertinent here.*

7